| | |
|---|---|
| Kevin R. Lussier (State Bar No. 143821)<br>BERRY & PERKINS<br>A Professional Corporation<br>2049 Century Park East, Suite 950<br>Los Angeles, California  90067-3134<br>Telephone:   (310) 557-8989<br>Facsimile:    (310) 788-0080<br>E-mail: klussier@berryperkins.com<br><br>Attorney for Plaintiff<br>LIFTED RESEARCH GROUP, INC., a California Corporation | **MADE JS-6** |

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFTED RESEARCH GROUP, INC. a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F.O. II CLOTHING & SHOES INC., a California corporation, d/b/a F.O. II CLOTHING CO. d/b/a F.O. II CLOTHING d/b/a FASHION OUTLET; KEYVAN DAROVGAR a/k/a KEYVAN DAROUGAR d/b/a F.O. II CLOTHING CO. d/b/a F.O. II CLOTHING d/b/a FASHION OUTLET; and DOES 1-10,<br><br>　　　　　Defendants. | Case No. CV08-6123-GW(SSx)<br><br>**CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Lifted Research Group, Inc. ("LRG") and Defendants F.O. II Clothing & Shoes Inc., a California corporation, d/b/a F.O. II Clothing Co. d/b/a F.O. II Clothing d/b/a  Fashion Outlet and Keyvan Darovgar a/k/a Keyvan Darougar d/b/a  F.O. II Clothing Co. d/b/a  F.O. II Clothing d/b/a  Fashion Outlet (collectively the "F.O. II Defendants") stipulate and consent to the following:

**WHEREAS**, the F.O. II Defendants allegedly adopted and began using marks in the United States which allegedly infringed LRG's registered trademarks LIFTED RESEARCH GROUP, L R G, ♣ and ♣ (collectively the "LRG Marks"), and the work protected by LRG's United States Copyright Registration No. VA-1-348-151 (the "LRG Copyright");

- 1 -　　　　　　　　　　　　CV08-6123-GW(SSx)

**[PROPOSED] CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

**WHEREAS**, the F.O. II Defendants alleged use of names and marks which incorporate one or more of the LRG Marks and/or the work protected by the LRG Copyright is likely to cause confusion as to source or origin; and

**WHEREAS**, based upon LRG's good faith prior use of the LRG Marks and the work protected by the LRG Copyright, LRG has superior and exclusive rights in and to the LRG Marks and the LRG Copyright in the United States and any confusingly similar names or marks, and without an admission of liability by the F.O. II Defendants.

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. The F.O. II Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith are hereby permanently enjoined, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit goods bearing the LRG Marks and/or the work protected by the LRG Copyright; from infringing, counterfeiting, or diluting the LRG Marks and/or the work protected by the LRG Copyright; from using the LRG Marks and/or the work protected by the LRG Copyright, or any marks or works similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark which may be calculated to falsely advertise the services or products of LRG as being sponsored by, authorized by, endorsed by, or in any way associated with LRG; from falsely representing themselves as being connected with LRG, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the F.O. II Defendants, are in any way endorsed by, approved by, and/or associated with LRG from using any reproduction, counterfeit, copy, or colorable imitation of the LRG Marks and/or the work protected by the LRG Copyright in connection with the publicity, promotion, sale, or advertising of any goods sold by the F.O. II Defendants, including, without limitation, the goods

identified in the Complaint; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the F.O. II Defendants' goods as being those of LRG, or in any way endorsed by the LRG and from offering such goods in commerce; and from otherwise unfairly competing with LRG.

2. Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3. The causes of action between LRG and the F.O. II Defendants are hereby dismissed with prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Judgment and the Settlement Agreement between the parties.

6. All counterfeit LRG products currently in the possession, custody and/or control of the F.O. II Defendants shall be surrendered to LRG, through its counsel and destroyed under the direction of LRG.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2009.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Berry & Perkins (the "business"), 2049 Century Park East, Suite 950, Los Angeles, California 90067.

On January 14, 2009, I caused the following document to be served: **[PROPOSED] CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> David M. Shaby II, Esq.
> David M. Shaby II & Associates APC
> 11949 Jefferson Blvd., Suite 104
> Culver City, CA 90230

**  X  ** **BY REGULAR U.S. MAIL:** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

___ **BY FACSIMILE TRANSMISSION:** I sent a true and complete copy of the document(s) described above by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

___ **BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:** I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

___ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above address(es).

___ (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**  X  ** (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 14, 2009, at Los Angeles, California.

                                                  _Kate E. Oyler_
                                                  Kate E. Oyler